J-S72044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DALE ROBERT STONEROAD, | : | |
| | : | |
| Appellant. | : | No. 1320 MDA 2018 |

Appeal from the PCRA Order Entered, July 16, 2018,
in the Court of Common Pleas of Mifflin County,
Criminal Division at No(s):  CP-44-CR-0000263-2011.

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:               **FILED FEBRUARY 14, 2019**

Dale Robert Stoneroad appeals from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A.  §§ 9541-46.  We affirm.

The facts and procedural history are as follows:  On December 6, 2011, Stoneroad entered a guilty plea to multiple counts of sex offenses involving two juveniles.  On February 29, 2012, the trial court sentenced Stoneroad to an aggregate sentence of ten to twenty years of imprisonment.  The trial court also designated Stoneroad to be a sexually violent predator ("SVP").  Stoneroad filed neither a post-sentence motion or a direct appeal.

On June 27, 2012, Stoneroad filed his first a *pro se* PCRA petition.  The PCRA court appointed counsel, but Stoneroad later withdrew the petition on

December 6, 2012. Thereafter, Stoneroad filed unsuccessful PCRA petitions in 2013, 2014, and 2016.

On June 19, 2017, our Supreme Court decided **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). In **Muniz**, our Supreme Court held that retroactive application of the registration and reporting requirements of the Pennsylvania Sex Offender Registration and Notification Act ("SORNA"),[1] violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. **Muniz**, 164 A.3d at 1223.

On October 31, 2017, a panel of this Court decided **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018). In **Butler** the panel majority concluded that, in light of our Supreme Court's decision in **Muniz**, "section 9799.24(e0(3) of SORNA [involving SVP designation] violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." **Butler**, 173 A.3d at 1218.[2]

On December 14, 2017, Stoneroad filed the serial *pro se* PCRA petition at issue. In this filing, he challenged the legality of his sentence in light of **Muniz** and **Butler**. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on February 26, 2018. The PCRA court held a hearing

---

[1] 42 Pa.C.S.A. §§ 9799.10-9799.42.

[2] Judge Stabile filed a dissenting opinion.

on June 12, 2018, at which the court heard argument from the parties regarding the timeliness of Stoneroad's latest petition. By order entered July 16, 2018, the PCRA court dismissed Stoneroad's serial petition as untimely filed. This counselled appeal follows. Both Stoneroad and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Before addressing the issue Stoneroad raises on appeal, we must first determine whether the PCRA court correctly concluded that his serial PCRA petition is untimely.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections

9545(b)(1)(i), (ii), and (iii), is met.[3]  42 Pa.C.S.A. § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented."  **See Hernandez**, 79 A.3d 651-52 (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).  Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal.  **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, Stoneroad's judgment of sentence became final on March 30, 2012, thirty days after he failed to file an appeal to this Court following the imposition of his sentence on February 29, 2012.  Thus, in order to be timely,

---

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

Stoneroad had to file his latest petition by March 30, 2013. As he filed the petition at issue in 2017, it is untimely, unless Stoneroad satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Stoneroad has failed to establish any exception to the PCRA's time bar. Within his brief, he first argues that his latest PCRA petition is timely because he filed it within sixty days of the *Butler* decision. Stoneroad's Brief at 10-11. However, because *Butler*, is a decision by this Court, rather than the Pennsylvania Supreme Court, it cannot be relied upon to establish the new constitutional right exception to the PCRA's time bar. *See Commonwealth v. Brandon*, 51 A.3d 231 (Pa. Super. 2012) (holding that the language of section 9545(b)(1)(iii) does not contemplate that a decision of the Superior Court may provide the basis for an exception to the PCRA's time bar).

Stoneroad next asserts that an illegal sentencing claim can never be waived. He is wrong. As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA petition to confer jurisdiction on this Court. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (explaining that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions

thereto"). Appellant can only present an illegal sentencing claim in a timely PCRA petition over which we have jurisdiction. *See Fahy*, 737 A.2d at 223; *Commonwealth v. Miller*, 102 A.3d 988, 995-96 (Pa. Super. 2014) (explaining that the decision in *Alleyne* does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition). *See also Commonwealth v. Whitehawk*, 146 A.3d 266, 270 (Pa. Super. 2016).

Within his brief, Stoneroad also "suggests that since the holdings in *Muniz* and *Butler* create a question whether [his] sentence is legal that as such 42 Pa.C.S.A. § 9545(b)(1) should be construed to afford him one (1) year during which to file a challenge to the legality of his sentence based on *Muniz* and *Butler*. To hold otherwise, suggests that a person can be given an illegal sentence in the Commonwealth without legal remedy." Stoneroad's Brief at 13. He cites no case authority for this proposition. In addition, Stoneroad cites the "manifest injustice" language of *Commonwealth v. Lawson*, 549 A.2d 107 (Pa. 1988), to support his claim that his illegal sentence claim should be considered. We note that the *Lawson* decision predates the time-restrictions amendments to the PCRA in 1995. It is well-settled by subsequent case law that the statutory time period for filing PCRA petition is not subject to the doctrine of equitable tolling; rather the time for filing can be extended only if the PCRA statute permits it to be extended by operation of one of the enumerated exceptions to the PCRA's time-bar. *Commonwealth v. Smallwood*, 155 A.3d 1054, 1059-60 (Pa. Super. 2017).

Finally, Stoneroad acknowledges that he did not file his latest PCRA petition within sixty days of the ***Muniz*** decision. Nevertheless, we note that this Court has held that "the recent holding in ***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Stoneroad's latest PCRA petition was untimely, unlike the timely PCRA petition at issue in ***Rivera-Figueroa***, he must demonstrate that the Pennsylvania Supreme Court has held ***Muniz*** applies retroactively to untimely PCRA petitions in order to satisfy Section 9545(b)(1)(iii). Because our Supreme Court has yet to reach this conclusion, he cannot rely on ***Muniz*** to establish that time-bar exception. ***See Commonwealth v. Murphy***, 180 A.3d 402, 405-06 (Pa. Super. 2018).

In light of the foregoing, we conclude that Stoneroad's latest PCRA petition was untimely filed, and he has not pled and proven an exception to the PCRA's timeliness requirements. As such, the PCRA court correctly concluded that it lacked jurisdiction, and we affirm the court's order denying Stoneroad post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/14/2019